UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ADOBE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DIGICOMP INTERATIONAL, INC., et al.<br><br>    Defendants. | Case No.: 2:18-cv-09883 ODW(JPRx)<br><br>**(CONSENT) JUDGMENT AGAINST DEFENDANT DIGICOMP INTERNATIONAL, INC., INCLUDING PERMANENT INJUNCTION**<br><br>Judge: Hon. Otis D. Wright, II |

    The Court, pursuant to the Stipulation for Entry of Consent Judgment jointly filed by Plaintiff Adobe Inc. ("Plaintiff") and Defendants Digicomp International, Inc. and Ardeshir "David" Davood (collectively, "Defendants"), hereby Orders that a final consent judgment shall be and hereby is entered against Defendant Digicomp International, Inc. ("Digicomp") on Plaintiff's Complaint for Damages [ECF Dkt. 1] as follows.

**I.      FINAL (CONSENT) JUDGMENT:**  Plaintiff shall recover from Defendant Digicomp the sum of $185,000.00 on its first and second causes of action for copyright and trademark infringement as the prevailing party in this action under to 17 United States Code ("U.S.C.") §504(b) and 15 U.S.C. §1117(a).

**II.     PERMANENT INJUNCTION:**  Defendant Digicomp and any person or entity acting at its direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which it may exercise control, are hereby restrained and enjoined, pursuant to 17 U.S.C. § 502 and 15 U.S.C. § 1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

A.      copying, manufacturing, importing, exporting, purchasing, installing, mirroring, marketing, advertising, selling, offering for sale, distributing, dealing in or otherwise making any use in commerce of any product or service that uses, or otherwise making any use of, any of Plaintiff's ADOBE (1-31-1986, USPTO, Reg. No. 1,475,793); ACROBAT (4-26-1994, USPTO, Reg. No. 1,833,219); ADOBE PHOTOSHOP (2-2-1990, USPTO, Reg. No. 1,651,380); ADOBE PREMIERE (12-18-1991, USPTO, Reg. No. 1,769,184); ADOBE ILLUSTRATOR (12-15-1986, USPTO, Reg. No. 1,479,408); FIREWORKS (9-12-1996, USPTO, Reg. No. 2,043,911); DREAMWEAVER (12-0-1997, USPTO, Reg. No. 2,294,926); FLASH (2-20-1997, USPTO, Reg. No. 2,855,434); INDESIGN (8-31-1999, USPTO, Reg. No. 2,439,079); FLASH BUILDER (3-22-2010, USPTO, Reg. No. 3,857,720); ADOBE AUDITION (8-25-2003, USPTO, Reg. No. 2,861,671); CREATIVE SUITE (10-27-2003, USPTO, Reg. No. 3,111,341); PRELUDE (5-7-2012, USPTO, Reg. No. 4,262,546); SPEEDGRADE (12-16-2003, USPTO, Reg. No. 4,142,777); and LIGHTROOM (9-4-2007, USPTO, Reg. No. 3,288,605) trademarks and any unauthorized copies of Plaintiff's *Adobe Creative Suite 6 Master Collection* (Computer File, 2012-07-20,

Reg. No. TX0007568685), *Photoshop CS6 Extended* (Text, 2012-06-22, Reg. No. TX0007554295); *Illustrator CS6* (Text, 2012-05-07, Reg. No. TX0007620302); *InDesign CS6* (Text, 2012-06-21, Reg. No. TX0007620297); *Acrobat X Pro* (Computer File, 2011-01-11, Reg. No. TX0007358035); *Flash Professional CS6* (Computer File, 2012-05-07, Reg. No. TX0007555175); *Dreamweaver CS6* (Computer File, 2012-06-21, Reg. No. TX0007555170); *Fireworks CS6* (Computer File, 2012-06-21, Reg. No. TX0007555180); *Adobe Premiere Pro CS6* (Computer File, 2012-06-27, Reg. No. TX0007558286); *After Effects CS6* (Computer File, 2012-07-20, Reg. No. TX0007568717); *Adobe Audition CS6* (Computer File, 2012-06-21, Reg. No. TX0007555185); *SpeedGrade CS6* (Computer File, 2012-06-26, Reg. No. TX0007554942); *Prelude CS6* (Computer File, 2012-06-26, Reg. No. TX0007554952); *Encore CS6* (Text, 2012-07-17, Reg. No. TX0007567108); *Bridge CS6*; *Media Encoder CS6* (Computer File, 2012-07-24, Reg. No. TX0007570115); and *Flash Builder 4.6 Premium Edition* copyrights (collectively, "Plaintiff's Trademarks and Copyrights"), and/or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    B. copying or downloading, other than for bona fide personal or business use of validly licensed and registered copies of Plaintiff's software subject to the terms of Plaintiff's License and Services Agreement, any software containing Plaintiff's Trademarks and Copyrights and/or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights;

/ / /

  C. knowingly purchasing computers installed with copies of Plaintiff's software or any unauthorized software containing Plaintiff's Trademarks and Copyrights;

  D. marketing, advertising, offering for sale, selling, distributing, or dealing in computers installed with copies of Plaintiff's software or any unauthorized software containing Plaintiff's Trademarks and Copyrights;

  E. performing or allowing others employed by or representing it, or under its control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's Trademarks and Copyrights, and/or Plaintiff's business reputation or goodwill; and/or

  F. engaging in any acts of federal and/or state trademark and/or copyright infringement, false designation of origin, unfair competition, dilution, or other act which would damage or injure Plaintiff.

 **III.** **SERVICE AND ENTRY:** This Consent Judgment and Permanent Injunction shall be deemed to have been served upon Defendant Digicomp at the time of its execution by the Court. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendant Digicomp, and the Court directs immediate entry of this Permanent Injunction against Defendant Digicomp.

 **IV.** **NO APPEALS AND CONTINUING JURISDICTION:** No appeals shall be taken from this Consent Judgment or Permanent Injunction, and the Parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Consent Judgment and Permanent Injunction against Defendant Digicomp, and to enforce any violation of the terms of the underlying Settlement Agreement between the Parties.

/ / /

/ / /

/ / /

**V.     NO FEES AND COSTS.**     The Parties shall bear its/his own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 2nd day of January 2020.

_____
HON. OTIS D. WRIGHT, II
United States District Judge
Central District of California